UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:21-cv-00345-JAW |
| ) | |
| MAINE HUMAN RIGHTS ) | |
| COMMISSION, et al., ) | |
| ) | |
| Defendants ) | |

### RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff, who is incarcerated at the Maine State Prison, alleges that the Maine Human Rights Commission and the Commission's Executive Director violated his rights to due process and equal protection when they reviewed his complaints against the prison regarding a disability. (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (Order, ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**FACTUAL ALLEGATIONS**

On or about May 7, 2019, Plaintiff filed with the Maine Human Rights Commission a complaint against the Maine Department of Corrections alleging discrimination in public accommodation for failing to provide a reasonable accommodation for his need to urinate excessively. Plaintiff sought access to a restroom during outside recreation and other out-of-cell activities and services. The Commission dismissed the complaint on June 27, 2019, citing a lack of any formal medical diagnosis. On or about July 12, 2019, Plaintiff wrote to Defendant Sneirson, the executive director of the Commission, notifying her that he had been diagnosed with medical conditions supporting his contention that he needed an accommodation for excessive urination. Defendant Sneirson did not respond to Plaintiff's letter.

On or about October 25, 2019, Plaintiff filed with the Commission a second complaint against the Maine Department of Corrections regarding the failure to accommodate his condition. On or about November 6, 2019, Plaintiff served the Commission with a notice of his intent to file a tort claim against it. The Commission allowed his complaint to proceed even though it was a successive complaint. During proceedings held for the second complaint, Plaintiff presented evidence that he was diagnosed with chronic kidney disease and hyponatremia by Maine Nephrology Associates and with bladder dysfunction by Pen Bay Urology. On or about September 24, 2020, the Commission denied Plaintiff's claim citing a failure to establish a medical condition that caused him to urinate excessively.

Plaintiff alleges Defendants treat the complaints of prisoners, including his complaint, less favorably than the complaints of non-prisoners and deprive prisoners of due process and equal protection of the law. Plaintiff also alleges Defendants conspired to deprive Plaintiff of his constitutional and statutory protections.

## LEGAL STANDARD

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from a governmental entity and officer. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the

3

benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

The Fourteenth Amendment prohibits state deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This protection has both substantive and procedural components. *Amsden v. Moran*, 904 F.2d 748, 753–54 (1st Cir. 1990). In either context, "a plaintiff, as a condition precedent to stating a valid claim, must exhibit a constitutionally protected interest in life, liberty, or property." *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 8 (1st Cir. 2005). The procedural component of the due process guarantee "normally requires notice and an opportunity for some kind of hearing" but "[w]hether the opportunity needs to be furnished before the seizure or whether a post-seizure opportunity is sufficient depends on the circumstances." *Herwins v. City of Revere*, 163 F.3d 15, 18 (1st Cir. 1998) (quotation omitted). Courts determine which procedural protections are required "according to a sliding scale,

4

balancing a number of factors, including the nature of the private and public interests involved; the risk of erroneous deprivation accruing under the procedures used by the state; and the probable benefit of demanding additional procedural safeguards." *Amsden*, 904 F.2d at 753.

Plaintiff's due process claim fails because he cannot establish a protected interest in life, liberty, or property. State law can create a protected property interest by granting an entitlement such as a right to sue, including "a state-created right to redress discrimination." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982). If the state confers such a property interest in the form of a right to sue, "the State may not finally destroy [the] property interest without first giving the putative owner an opportunity to present his claim of entitlement." *Id.* at 434.

Defendants' dismissal of Plaintiff's administrative complaints, however, did not finally destroy a property interest Plaintiff might have had under state law. Plaintiff has available remedies under state law. A plaintiff can file a civil action in the courts under the relevant state antidiscrimination laws without filing a charge with the Commission. 5 M.R.S. § 4621. While filing a charge with the Commission is a prerequisite to obtaining monetary damages for certain state law claims in the courts, *id.* § 4622(1), a plaintiff can file suit and seek those damages even if the Commission dismisses the complaint. *Id.* § 4622(1)(A). Plaintiff has not stated an actionable claim, therefore, because the alleged violations of proper process under state law, standing alone, do not implicate federal due process protections. *See Parham v. Pelletier*, No. 2:11-CV-00435-DBH, 2012 WL 987336, at *4 (D. Me. Mar. 21, 2012) ("[Plaintiff] does not have, and does not claim, a

5

federal constitutional right to have the Maine Human Rights Commission conduct its investigation in a particular fashion"); *cf. Leavitt v. Allen*, 46 F.3d 1114 (1st Cir. 1995) (rejecting claim that "certain defendants failed to properly investigate his grievances" on the basis that "prison regulations which establish a grievance procedure cannot give rise to a liberty interest because they confer only procedural protections, not substantive rights, upon the inmates who may use the grievance procedures").

The assessment of Plaintiff's equal protection claim begins with consideration of two issues: (1) whether "the person, compared with others similarly situated, was selectively treated"; and, if so, (2) whether "such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Rubinovitz v. Rogato*, 60 F.3d 906, 910 (1st Cir. 1995) (quoting *Yerardi's Moody St. Rest. & Lounge, Inc. v. Bd. of Selectmen*, 878 F.2d 16, 21 (1st Cir. 1989)).

Courts employ "strict scrutiny" to suspect classifications such as race, alienage and national origin, "intermediate scrutiny" to gender-based classifications, and "rational basis review" to ordinary matters of commercial, tax, and economic regulation. *Massachusetts v. U.S. Dep't of Health & Human Servs.*, 682 F.3d 1, 9 (1st Cir. 2012). When an individual alleges the government singled that person out for reasons unique to the person, rather than for the person's membership in any group, that "class of one" claim requires the individual to show that he or she was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Snyder v. Gaudet*, 756

F.3d 30, 34 (1st Cir. 2014) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Plaintiff's complaint lacks the facts necessary to support an equal protection claim. Plaintiff has not identified a facial distinction applicable to prisoners in the relevant statutes, regulations, or policies. Prisoners are not a protected class triggering heightened scrutiny. Plaintiff includes no facts regarding similar-situated individuals or other prisoners who allegedly received worse treatment than non-prisoners when Defendants considered their administrative complaint. Instead, Plaintiff's complaint consists of "conclusory allegations that merely parrot the relevant legal standard" and thus are not actionable. *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).

Finally, Plaintiff's conspiracy claim fails not only because his substantive claims are unsupported by sufficient facts, but also because the "bare assertions" of a conspiracy to harm prisoners is likewise unsupported and "amount[s] to nothing more than a formulaic recitation of the elements" and therefore fails to state an actionable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

## CONCLUSION

Based on the foregoing analysis, following a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

          /s/ John C. Nivison
          U.S. Magistrate Judge

Dated this 28th day of January, 2022.