UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )  No. 1:21-cv-00345-JAW |
| MAINE HUMAN RIGHTS COMMISSION, et al., | ) ) ) ) |
|     Defendants. | ) ) |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

The Court affirms over objection a recommended decision from a magistrate judge pursuant to 28 U.S.C. § 1915A, dismissing a pro se inmate's complaint against the Maine Human Rights Commission and its Executive Director.

**I.**   **Nicholas A. Gladu's Complaint**

On December 6, 2021, Nicholas A. Gladu, an inmate at the Maine State Prison in Warren, Maine, filed a pro se complaint against the Maine Human Rights Commission (MHRC) and its Executive Director, Amy Sneirson, asserting equal protection and due process violations in the MHRC's handling of his discrimination claim against the Maine Department of Corrections (MDOC). *Compl.* (ECF No. 1). In his Complaint, Mr. Gladu stated that he has been diagnosed with chronic kidney disease, hyponatremia, and bladder dysfunction, all of which have caused excessive urination. *Id.* at 2-3. Mr. Gladu further alleged that he demanded reasonable accommodation for his medical condition from the MDOC, but the MDOC discriminated against him when it denied his request. *Id.* at 2. Mr. Gladu said that

he then filed a complaint with the MHRC on May 7, 2019, but the MHRC "summarily dismissed" his complaint on June 27, 2019, on the ground that he had failed to allege a medical diagnosis for his excessive urination condition. *Id.* Mr. Gladu then alleged that he asked the MHRC for leave to amend his complaint to include his diagnosed medical conditions but that the MHRC's Executive Director failed to respond to his request "merely because he is/was a prisoner." *Id.* Mr. Gladu alleged that the MHRC and its Executive Director have a history of hostility toward discrimination complaints filed by inmates. *Id.*

Mr. Gladu says that on October 25, 2019, he filed a second complaint for discrimination in public accommodation against the MDOC with the MHRC, again alleging that the MDOC had discriminated against him by refusing to provide reasonable accommodation for his excessive urination. *Id.* Mr. Gladu alleges that on November 22, 2019, the MHRC "decided to allow Gladu's successive Complaint to proceed."[1] *Id.* Mr. Gladu asserts that at the MHRC hearing, he was able to establish his medical conditions and that they caused excessive urination. *Id.* at 2-3. Nevertheless, Mr. Gladu says that on September 24, 2020, the MHRC and its Executive Director falsely claimed that he failed to establish a medical condition related to his excessive urination. *Id.* at 3.

In his pending federal complaint, Mr. Gladu alleges pursuant to 42 U.S.C. § 1983, that the MHRC and its Executive Director violated his rights to due process and equal protection of the law, and pursuant to 42 U.S.C. § 1985(3), that they

---

[1]  Curiously, Mr. Gladu complains that the MHRC violated its own regulations against successive complaints when it allowed his second complaint to proceed. *Compl.* at 2.

2

engaged in a conspiracy to deprive him of his constitutional and statutory rights. *Id.* at 4. The same day that he filed his federal complaint, Mr. Gladu moved to proceed in forma pauperis. *Appl. to Proceed Without Prepayment of Fees and Aff.* (ECF No. 2). On December 20, 2021, after Mr. Gladu filed the necessary account statement and certificate, the Magistrate Judge granted his second motion for leave to proceed in forma pauperis. *Appl. to Proceed Without Prepayment of Fees and Aff.* (ECF No. 3); *Order Granting Leave to Proceed In Forma Pauperis* (ECF No. 4). On January 28, 2022, pursuant to 28 U.S.C. § 1915A, the Magistrate Judge screened Mr. Gladu's pro se Complaint and issued his recommendation that the Court dismiss the Complaint. *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 9) (*Recommended Decision*). On February 14, 2022, Mr. Gladu filed his objection. *Obj. to Recommended Order* (ECF No. 10) (*Pl.'s Obj.*).

## II.     The Magistrate Judge's Recommended Decision

In his January 28, 2022, Recommended Decision, the Magistrate Judge found that Mr. Gladu had not established a viable due process claim because "Defendants' dismissal of [his] administrative complaints . . . did not finally destroy a property interest [he] might have had under state law" because Mr. Gladu still "has available remedies under state law." *Recommended Decision* at 5. The Magistrate Judge observed that Mr. Gladu could have filed a civil action against the MDOC under the Maine Human Rights Act, 5 M.R.S. § 4621, even when the MHRC dismissed his complaint. *Id.*

As to Mr. Gladu's equal protection claim, the Magistrate Judge noted that "[p]risoners are not a protected class" and Mr. Gladu had otherwise "include[d] no facts regarding similar-situated individuals or other prisoners who allegedly received worse treatment than non-prisoners when Defendants considered their administrative complaint." *Id.* at 7. The Magistrate Judge concluded that Mr. Gladu's "conspiracy claim fails not only because his substantive claims are unsupported by sufficient facts, but also because the 'bare assertions' of a conspiracy to harm prisoners is likewise unsupported." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

### III. Nicholas A. Gladu's Objection

In his objection, Mr. Gladu emphasizes that "the Supreme Court continues to say that a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards,'" *Pl.'s Obj.* at 1 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and be liberally construed. *Id.* at 2. He says "the Court lacks authority to dismiss [his] complaint sua sponte" and that "the magistrate's analysis/screening of the complaint clearly evinces heightened pleading requirements beyond those prescribed by law." *Id.* Mr. Gladu next asserts that the Magistrate Judge employed a higher standard of review than permitted under the law in screening his complaint. *Id.* at 2. He also submits that the Magistrate Judge "mischaracterized the claims in [his] Complaint as Defendants merely treating prisoners 'less favorably' than others, when the conduct in question amounts to discrimination and denial of equal protection of the law." *Id.*

## IV.     Discussion

To his first point, Mr. Gladu is simply incorrect when he claims that the Magistrate Judge lacked the authority to screen his complaint. On the contrary, the Magistrate Judge applied the appropriate screening standard, pursuant to the in forma pauperis statute and the Prison Litigation Reform Act. *See* 28 U.S.C. §§ 1915, 1915A.[2]

As for his assertion that the Magistrate Judge applied the wrong standard of review for purposes of screening his complaint, again, Mr. Gladu is simply incorrect. In his Recommended Decision, the Magistrate Judge took care to describe the standards under which he screened Mr. Gladu's complaint. *Recommended Decision* at 3-4. In fact, for the proper standard of screening, the Magistrate Judge cited *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the same case Mr. Gladu cites.

Finally, the Magistrate Judge also correctly observed that Mr. Gladu has not identified a protected interest so as to implicate federal due process protections or a suspect classification warranting strict scrutiny review of his equal protection claim, nor provided sufficient facts, aside from conclusory allegations, to support his conspiracy claims. Specifically, citing First Circuit caselaw, the Magistrate Judge

---

[2]    28 U.S.C. § 1915A reads in pertinent part:

   **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
   **(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or,
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

concluded that Mr. Gladu had failed to demonstrate that "the person, compared with others similarly situated, was selectively treated" and if so, that "such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Recommended Decision* at 6 (quoting *Rubinovitz v. Rogato*, 60 F.3d 906, 910 (1st Cir. 1995) (quoting *Yerardi's Moody St. Rest. & Lounge, Inc. v. Bd. of Selectmen*, 878 F.2d 16, 21 (1st Cir. 1989))). Moreover, as noted earlier, the Magistrate Judge quoted First Circuit law applicable to a "class of one" such as Mr. Gladu and observed that such a claim "requires the individual to show that he or she was 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Id.* at 6-7 (quoting *Snyder v. Gaudet*, 756 F.3d 30, 34 (1st Cir. 2014) (quoting *Vill of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam))). Mr. Gladu's insistence that the Magistrate Judge misapplied the law is non-meritorious.

**V.     Conclusion**

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge in full, for the reasons set forth in his Recommended Decision and determines that no further proceedings are necessary.

    1.    The Court <u>AFFIRMS</u> the Recommended Decision of the Magistrate Judge (ECF No. 9).

2. The Court <u>DISMISSES</u> without prejudice Nicholas A. Gladu's Complaint (ECF No. 1).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2022